UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00471

**Kevin James Kohute,**
*Plaintiff,*

v.

**Lowes Home Improvement Inc.,**
*Defendant.*

# ORDER

On December 16, 2024, plaintiff Kevin Kohute, proceeding pro se, filed this lawsuit claiming that defendant is unlawfully employing illegal aliens. Docs. 1, 1-1. This case was referred to United States Magistrate Judge John D. Love. Doc. 3. On December 18, 2024, the magistrate judge issued a report recommending that plaintiff's claims be dismissed without prejudice for lack of subject matter jurisdiction. Doc. 4. Plaintiff was mailed a copy of the report at his listed address, but the report was returned undeliverable. Plaintiff has failed to file timely objections to the report.

The Local Rules state that a pro se litigant "must provide the court with a physical address . . . and is responsible for keeping the clerk advised in writing of his or her current physical address." Local Rule CV-11(d); *see also Anderson v. Munger*, No. 5:17-cv-00175, 2019 WL 2929056, at *1 (E.D. Tex. July 8, 2019) ("The Court has no duty to locate litigants . . . .").

When there have been no timely objections to a magistrate judge's report and recommendation, the court reviews it only for clear error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996). Having reviewed the magistrate judge's report (Doc. 4), and being satisfied that it contains no clear error, the court accepts its findings and recommendation. Plaintiff's claims are dismissed without prejudice. Any pending motions are denied as moot.

Consistent with the court's sanction previously imposed, *see Kohute v. Nat'l Rifle Ass'n*, No. 6:24-cv-00475 (E.D. Tex. Jan. 29, 2025), the clerk shall not accept any new lawsuits from Kevin Kohute unless such lawsuit is filed by an attorney licensed to practice in the U.S. District Court for the Eastern District of Texas and the filing fee is paid at the outset of the case.

Kohute is further cautioned that, should he continue to file frivolous cases in violation of his sanctions, the court will impose additional sanctions against him, including potential monetary sanctions. *See Jackson v. Carpenter*, 921 F.2d 68, 69 (5th Cir. 1991) (cautioning a pro se prisoner that the continued abuse of the legal system "will trigger increasingly severe sanctions, including the ultimate denial of access to the judicial system absent specific prior court approval").

*So ordered by the court on February 6, 2025.*

J. CAMPBELL BARKER
United States District Judge